UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE AUTO DEALERS INSURANCE TRUST,<br><br>          Plaintiff,<br>  v.<br><br>AON CONSULTING, INC.,<br><br>          Defendant/Third-Party Plaintiff,<br><br>  v.<br><br>LUMENOS, INC.,<br><br>          Third-Party Defendant. | Case No. C07-1182 MJP<br><br>ORDER ON AON CONSULTING INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Aon Consulting Inc.'s ("Aon") motion for partial summary judgment. (Dkt. No. 52.) After reviewing the motion, Plaintiff's response (Dkt. No. 56), Defendant's reply (Dkt. No. 62) and all documents submitted in support thereof, and after having heard oral argument from the parties, the Court GRANTS the motion in part and DENIES the motion in part. Plaintiff's tort claims for breach of fiduciary duty and professional negligence are hereby dismissed.

**Background**

Washington State Auto Dealers Insurance Trust ("WSADIT") is a self-insured health

ORDER ON PARTIAL SUMMARY JUDGMENT MOTION— 1

benefits plan that provides health benefits for thousands of Washington residents. WSADIT contracts for excess loss insurance to cover any particularly large health claims. In 2003, WSADIT hired Aon to provide consultation services related to procuring excess loss insurance coverage. (Pl.'s Resp., Ex. A.)

In April 2006, Aon managed the transfer of WSADIT's excess loss coverage from the previous stop loss provider to American International Group, Inc. ("AIG") and worked with WSADIT's then third-party administrator ("TPA"), Lumenos, Inc., to provide AIG with required pre-policy underwriting disclosures. (Pl.'s Resp., Westlund Decl. at ¶ 4; see Pl.'s Resp., Ex. D at 41-42.) Specifically, AIG required disclosure of certain "high risk" claimants on the Excess Loss Disclosure Statement. (Pl.'s Resp., Ex. G at 4.) Failure to disclose such individuals would preclude stop loss coverage for those individuals' claims. (Id.)

WSADIT's Excess Loss Disclosure Statement failed to list one "high risk" claimant who had incurred over $523,000 in eligible claims in 2005. (Compl. ¶ 26.) In August 2006, AIG rejected a claim made on behalf of that claimant because the claimant had not been identified on the disclosure statement. (Pl.'s Resp., Ex. H at 4.; Compl. ¶ 26.) Aon's formal appeal was denied in October 2006. (Pl.'s Resp., Ex. G at 1.)

WSADIT alleges that Aon was responsible for providing AIG with the information about this high-risk claimant during the underwriting process. (Compl. ¶ 10.) WSADIT alleges that Aon's failure to report this claimant caused WSADIT to suffer a loss of over $330,000. (Pl.'s Resp. at 6.)

WSADIT filed suit against Aon for professional negligence, breach of fiduciary duty, and breach of contract. Washington law governs WSADIT's tort claims, and Illinois law governs the contract claim.

**Analysis**

1. The Economic Loss Doctrine

Aon argues that Plaintiff's tort claims for breach of fiduciary duty and professional

ORDER ON PARTIAL SUMMARY JUDGMENT MOTION— 2

negligence should be dismissed because the economic loss doctrine precludes any tort-based recovery in this action. Washington's economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from contract because tort law is not intended to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement." Alejandre v. Bull, 159 Wn.2d 674, 682 (2007). If the doctrine applies, "the party will be held to contract remedies, regardless of how the plaintiff characterizes the claims." Id.

The Washington Supreme Court has held that application of the doctrine should begin with a determination of the type of losses, distinguishing economic losses from personal injury or injury to property. Id. at 684. "If the claimed loss is an economic loss, and no exception applies to the economic loss rule, then the parties will be limited to contractual remedies." Id. The financial loss at issue in this case is purely economic, as there is no personal injury or injury to property. Yet Plaintiff argues that its tort claims fall within an exception to the economic loss rule because they stem from a fiduciary responsibility between the parties. See SMI Owen Steel Co. v. Marsh USA, Inc., 520 F.3d 432, 443 (5th Cir. 2008) (applying Nevada law, court held that the economic loss doctrine does not bar recovery for negligence actions involving breach of a professional, extra-contractual duty imposed by law).

Although Washington courts have not squarely addressed the issue, Plaintiff makes the argument that the analysis establishing the exception in other states would be consistent with this state's precedent. Citing Illinois law, Plaintiff argues that the relationship between a professional, such as an attorney or an insurance broker, and her client can give rise to an extra-contractual duty, the breach of which would sound in tort. See Congregation of the Passion v. Touche Ross & Co., 636 N.E.2d 503, 513-515 (Ill. 1994); First Midwest Bank v. Stewart Title Guar. Co., 843 N.E.2d 327, 333-335 (Ill. 2006); Kanter v. Deitelbaum, 648 N.E.2d 1137, 1139-40 (Ill. App. 1995). The Illinois Supreme Court has found that the professional sector offers intangible goods such as advice and expertise, which "cannot be memorialized in contract terms"

ORDER ON PARTIAL SUMMARY JUDGMENT MOTION— 3

but are "expected independent of the [professional's] contractual obligations." Congregation of the Passion, 636 N.E.2d at 513. The court makes a distinction between the commercial sector, which deals in tangible goods, and the professional sector, which deals in intangibles. When a client relies on a professional to make decisions based on that professional's knowledge and judgment, a duty arises between the two parties that is outside the parties' contract and imposed by law. When that duty is breached, the client's tort claim (often brought in the form of a malpractice action) is distinct from any breach of contract claim and is not precluded by the economic loss doctrine.

Whether the Washington courts would adopt such an exception is irrelevant in this matter, because Plaintiff's allegations do not fall within the category of actions described by the caselaw it relies on to establish the exception. WSADIT contracted with Aon to procure excess loss insurance coverage. While Aon likely acted as a professional advisor in recommending a particular carrier to its client, WSADIT's allegations do not concern Aon's exercise of professional judgment or expertise. Instead, WSADIT alleges that Aon failed to perform its contractual duties when it did not gather information required by AIG to procure coverage. Aon was not required to exercise professional judgment to determine what data to gather and submit to AIG. AIG required disclosure of certain categories of information, and Aon allegedly failed to gather and submit the requested information. Because Aon's obligation to submit the proper information and procure stop loss coverage was a duty assumed by contract, Aon's motion for partial summary judgment regarding breach of fiduciary duty and professional negligence is granted and those claims are dismissed.

2. Damages Limitation Clause

Having found Plaintiff's tort claims invalid, this Court need only determine whether the damages limitation clause applies to any contractual damages. The clause states, "nothing herein will obligate [Aon] to pay any consequential or punitive damages or any damages whatsoever in excess of the fees paid pursuant to this contract[.]" (General Terms Contract at C-2, under

Indemnification.)  Aon argues that this clause limits recovery to $48,000 – the fees paid for the contract period of one year.  WSADIT argues that the contract was not a single year agreement because the engagement letter contained a renewal clause stating that the agreement "is effective upon signature and continues in effect until your annual plan renewal in May 1, 2006" and "[a]t this time, the agreement will automatically renew for you."  (See Pl.'s Resp., Ex. B at 2.)

Both parties agree that the contract's choice of law provision requires application of Illinois law.  No Illinois authority states whether a renewal or evergreen clause extends the contract term for an existing contract, but WSADIT cites to other jurisdictions holding that "[a]n evergreen clause provides for the continuation of the contract after the primary term[.]"  Wyo. Consumer Group v. Public Serv. Comm'n of Wyo., 882 P.2d 858, 861 fn.1 (Wyo. 1994); (Pl.'s resp at 23).

Because the renewal clause does not specify the length of the contract, this Court finds it ambiguous.  Plaintiff makes a convincing argument the phrase providing for contract renewal could be interpreted to mean either the start of a new contract or a continuation of the former contract.  (Pl.'s resp. at at 23.)  Because Aon drafted the contract and failed to include clear and unambiguous language limiting its damages, the Court must construe the contract language in Plaintiff's favor and deny Aon's motion for summary judgment on the limitations clause.  See Scott & Fetzer Co. v. Montgomery Ward & Co., 493 N.E.2d 1022, 1029-30 (Ill. 1986).

3. Exculpatory Clause

Aon asserts that the exculpatory clause in the parties' contract relieves it of liability if WSADIT's loss resulted from inaccurate or incomplete disclosure of data on WSADIT's part.  (Def.'s Mot. at 17.)  In order to reach this issue, the Court would be required to assume away a number of factual variables.  The Court must assume that Aon fulfilled all of its duties to WSADIT when it attempted to collect from Lumenos the disclosure information required by AIG underwriters.  (Def.'s Reply at 2.)  The Court must also disregard WSADIT's claims that it bore no responsibility for the lack of disclosure to AIG and that Aon failed to request and collect

the information from WSADIT or Lumenos and disclose "high risk" claimants to AIG. (Pl. Resp. at 6; Pl.'s Compl. ¶ 10.) Finally, the Court would also need to assume that Lumenos, if found to be at fault, was acting as WSADIT's agent.

Even if WSADIT and/or Lumenos erred in failing to provide the data, the trier-of-fact must also determine whether Aon was responsible for initially requesting the information. Because the Court is not prepared to make a legal ruling that is contingent upon an unknown or predicted set of factual findings, Aon's request for partial summary judgment on this issue is denied.

## Conclusion

Because Plaintiff's allegations are contractual in nature, the Court hereby GRANTS Aon's motion for partial summary judgment regarding the economic loss doctrine and DISMISSES the tort claims for breach of fiduciary duty and professional negligence. The Court finds the renewal term in the contract ambiguous and DENIES Aon's motion for partial summary judgment regarding the damages limitation clause. Finally, because issues of material fact are in dispute, the Court also DENIES the motion for partial summary judgment on the issue of the contract's exculpatory provision.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: September 24, 2008

     /s/ Marsha J. Pechman  
Marsha J. Pechman  
U.S. District Judge

ORDER ON PARTIAL SUMMARY JUDGMENT MOTION— 6