UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE AUTO DEALERS INSURANCE TRUST, | Case No. C07-1182 MJP |
| Plaintiff/Cross-Claimant, | |
| v. | ORDER ON PARTIES' MOTIONS IN LIMINE |
| AON CONSULTING, INC., | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| LUMENOS, INC., | |
| Third-Party Defendant. | |

This matter comes before the Court on motions in limine brought by Lumenos, Inc.

("Lumenos") and Aon Consulting, Inc. ("Aon"). (Dkt. Nos. 83, 84, 86, 88 & 89.) All parties,

including Plaintiff Washington State Auto Dealers Insurance Trust ("WSADIT"), have

responded to the motions as required. After reviewing the briefing submitted and the balance of

the record, the Court orders as follows:

**I. Lumenos's Motions in Limine**

1. Motion to Exclude Reference to Wellpoint (Dkt. No. 83)

This motion is DENIED. Lumenos has not shown that its affiliation with Wellpoint, Inc.

ORDER ON MOTIONS IN LIMINE— 1

1    is prejudicial.

2        2.   Motion to Exclude Bruce Carlson (Dkt. No. 84)

3        This motion is DEFERRED.  The Court will preview Mr. Carlson's testimony before it is

4    offered to the jury and will evaluate its admissibility under the Daubert standard.

5        3.   ERISA Preemption (Dkt. No. 86)

6        This motion is DENIED.  Lumenos errs in asserting that Tri-State Mach., Inc. v

7    Nationwide Life Ins. Co., 33 F.3d 309 (1994) "controls the outcome of Lumenos' motion and

8    dictates that the Court grant Lumenos' motion in limine."  (Reply at 2.)  This Court looks to the

9    Ninth Circuit for guidance on ERISA preemption analysis.  After the Supreme Court decision in

10   New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S.

11   645 (1995), the Ninth Circuit modified its preemption analysis and created a new framework for

12   determining whether a state law claim is preempted by ERISA.  See Rutledge v. Seyfarth, Shaw,

13   Fairweather & Geraldson, 201 F.3d 1212, 1217-1219 (9th Cir. 2000) (collecting cases and

14   summarizing history of preemption analysis in the Ninth Circuit).

15       The Ninth Circuit formulated the "relationship test"[1] in General Am. Life Ins. Co. v.

16   Castonguay, 984 F.2d 1518, 1522 (9th Cir. 1993) and Arizona State Carpenters Pension Trust

17   Fund v. Citibank, 125 F.3d 715, 722 (9th Cir. 1997).  This test emphasizes:

18            three traditional areas identified as preempted by the Supreme Court in
             Travelers: (1) "state laws that mandate ... employee benefit structures or their
19            administration"; (2) "state laws that bind employers or plan administrators to
             particular choices or preclude uniform administrative practice, thereby
20            functioning as a regulation of an ERISA plan itself"; and (3) "state laws
             providing alternate enforcement mechanisms for employees to obtain ERISA
21            plan benefits." Arizona State Carpenters, 125 F.3d at 723 (quoting Coyne &
             Delany Co. v. Selman, 98 F.3d 1457 (4th Cir.1996)) (citations and internal
22            quotation marks omitted). [The Ninth Circuit] concluded that "[1] where state
             law claims fall outside [these] three areas of concern identified in Travelers, [2]
23

24       [1]Later, the court "made clear that the multi-pronged test in Arizona State Carpenters was not
25   the exclusive guide for the Circuit." Rutledge, 201 F.3d at 1218 (citing Operating Eng'rs Health &
     Welfare Trust Fund v. JWJ Contracting Co., 135 F.3d 671 (1998)).  Because WSADIT brings only
26   a common law contract claim, the factors test developed in Aloha Airlines and Operating Eng'rs is
     inapplicable.
27

ORDER ON MOTIONS IN LIMINE— 2

arise from state laws of general application, [3] do not depend upon ERISA, and
[4] do not affect the relationships between the principal ERISA participants[,]
the state law claims are not preempted." Id. at 724.

Rutledge, 201 F.3d at 1217. The court emphasized a similar "relationship" approach in

Geweke Ford, reiterating that "[a] state law claim is preempted if it 'encroaches on the

relationships regulated by ERISA.'" Geweke Ford v. St. Joseph's Omni Preferred Care, Inc., 130

F.3d 1355, 1358 (9th Cir. 1997) (quoting Castonguay, 984 F.2d at 1522). The court went on to

state:

ERISA does not preempt regulation of those relationships 'where a plan
operates just like any other commercial entity [-] for instance the relationship
between the plan and its own employees, or the plan and its insurers or
creditors.' Under Castonguay, the key issue is whether the parties'
relationships are ERISA-governed relationships.

Geweke Ford, 130 F.3d at 1358 (citation omitted).

The Ninth Circuit expanded the "relationship" test in Blue Cross of Cal. v. Anesthesia

Care Assocs. Med. Group, Inc., 187 F.3d 1045 (9th Cir.1999), but:

analyzed the issue from the perspective of ERISA's purposes, concluding that
the purposes of ERISA preemption, as explained by Travelers, did not apply
because "[t]he state law ... does not create an alternative enforcement
mechanism for securing benefits under the terms of ERISA-covered plans" and
"the economic effects that the ... claims might have on the plans does not imply
that the claims interfere with the field of benefits law that Congress sought to
occupy with ERISA."

Rutledge, 201 F.3d at 1219 (citations omitted).

In 2001, the Ninth Circuit observed that Supreme Court decisions issued after Travelers

"have eschewed ... multi-factor tests in favor of a more holistic analysis guided by congressional

intent." Dishman v. UNUM Life Ins. Co. of America, 269 F.3d 974, 981 (9th Cir. 2001) (citing

Egelhoff v. Egelhoff, 532 U.S. 141 (2001)). Applying a holistic analysis, the Ninth Circuit

determined that a state law tort did not relate to an ERISA plan because the tort remedy did not

"interfere with nationally uniform plan administration" or provide an "alternative enforcement

mechanism." Id.

Keeping the Dishman approach in mind, this Court applies the "relationship" test

developed in Castonguay and Arizona State Carpenters and expanded by Geweke Ford, Blue

ORDER ON MOTIONS IN LIMINE— 3

1  Cross of Cal.. Under this analysis, WSADIT's breach of contract claim against Lumenos is not

2  preempted by ERISA. Lumenos is not an ERISA fiduciary and the parties' relationship is

3  governed by their services contract, not by ERISA. See Geweke Ford, 130 F.3d at 1359. The

4  contract claim against Lumenos does not fall within one of the three categories of preempted

5  state law identified in Travelers. Further, the claim arises from a state law doctrine of general

6  application (contract law), it does not depend on ERISA, and does not affect relations among

7  principal ERISA entities. The contract remedy sought provides no alternative ERISA

8  enforcement mechanism and does not interfere with the administration of an ERISA plan. See

9  Dishman, 269 F.3d at 981. The claim is not preempted because any connection to a benefits plan

10  is "tenuous, remote, or peripheral ... as is the case with many laws of general applicability."

11  Travelers, 514 U.S. at 661. See also Tie Communications, Inc. v. First Health Strategies, Inc.,

12  No. Civ. A. 97-2597-EEO, 1998 WL 171126, at *3 (D. Kan. Mar. 3, 1998) (holding that a

13  contract claim involving "failure to timely submit a benefits claim ... pursuant to the

14  Administrative Services Agreement" was not preempted by ERISA, in part because

15  "[i]nterpretation of [the plaintiff's] benefit plan is not involved, or is at most tenuously

16  connected to the central dispute, which involves the Administrative Agreement ... and the Excess

17  Insurance Agreement[.]")

18      Because WSADIT's contract claim is not preempted by ERISA, Lumenos's motion in

19  limine is DENIED.

20

21  **II. Aon's Motions in Limine (Dkt. No. 88)**

22      1. Reference to Fiduciary Duties

23      The Court GRANTS this unopposed motion.

24      2. Reference to Negligent Actions

25      The only remaining claims at issue are for breach of contract. Because no tort claims

26  remain, the legal negligence standard is not at issue and will not be presented to the jury. This

27

ORDER ON MOTIONS IN LIMINE— 4

1  motion is DENIED – the Court will not disallow any party from using the word "negligent" in its

2  common usage.

3        3.  Lumenos's Rebuttal Witness

4      The Court GRANTS this unopposed motion.

5        4.  Item No. 3 on AIG Disclosure List

6      This motion is DENIED.  The parties contest whether the plain language of AIG's

7  disclosure request encompassed information about R.A.P.'s claim.  This is a question for the

8  jury.

9        5.  Renewal Clause

10      This motion is DENIED.  The Court found the clause ambiguous as it relates to a

11  limitation on damages and construed the ambiguous language against the drafter.  (Dkt. No. 74 at

12  5.)  Having ruled on the legal issue, nothing remains for a jury to decide.

13        6.  Testimony Regarding Damages Limitation Clause

14      The Court GRANTS this unopposed motion.

15  The Clerk is directed to send a copy of this order to all counsel of record.

16  Dated:  November 11, 2008.

17

18  _____

19          Marsha J. Pechman

20          U.S. District Judge

21

22

23

24

25

26

27

ORDER ON MOTIONS IN LIMINE— 5